MARKEY, Chief Judge,
dissenting.
With all respect, I dissent.
Courts owe a duty to avoid where possible the effective nullification of a statute, Adams v. Maryland, 347 U.S. 179, 181, 74 S.Ct. 442, 445, 98 L.Ed. 608 (1954), whether that result is reached in an initial decision or in the course of applying earlier court holdings.
The rationale of Dean v. Commissioner, 35 T.C. 1083 (1961), was that an interest-free loan resulted in no taxable gain because the interest which would otherwise have been paid would be deductible. A statute, 26 U.S.C. § 265(2) (Supp. V 1981), provides that interest paid on a loan the proceeds of which were used to purchase or carry tax-exempt bonds is not deductible. Whatever may have been said of Dean in subsequent court opinions, I am persuaded that Dean is simply inapplicable to a situation in which interest payments if they had been made would not have been deductible.
I am further persuaded that an interpretation of Dean which stops with the conclusion that an interest-free loan results in no taxable gain, coupled with an application of that interpretation to the facts of this case, would effectively nullify section 265(2) with respect to every taxpayer able to acquire interest-free loans for the purchase or carrying of tax-exempt bonds.
As so ably stated by Judge Kashiwa, the Hardees failed to carry their burden here of establishing that the proceeds of their interest-free loans were not used to carry their tax-exempt bonds.
I agree, of course, with much of what is said in the majority opinion respecting the need to follow established case law, the appropriateness of deferral to Congress for changes therein, and the undue breadth of the trial judge’s comments on in-kind benefits.
As above indicated, however, I view Dean as simply inapplicable to the case before us. An affirmance here on the foregoing basis would therefore leave intact the holdings in Dean and in other cases that did not involve the purchase or carrying of tax-exempt obligations. I would honor both Dean and section 265(2) by holding that the interest-free loans in this particular case resulted in taxable gain.